UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Sinoboom North America, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>United States,<br><br>      Defendant. | Court No. 1:25-cv-00876 |

**COMPLAINT**

Sinoboom North America, LLC ("Sinoboom NA"), by and through its attorneys, hereby allege the following for its Complaint against the United States, acting by and through U.S. Customs and Border Protection ("CBP"):

**CONTESTED DETERMINATION**

1. This action is an appeal from CBP's final affirmative determination of evasion of the antidumping ("AD") and countervailing duty ("CVD") orders A-570-139 and C-570-140, respectively, covering mobile access equipment and subassemblies thereof ("MAE") from the People's Republic of China ("China").

2. CBP published the final affirmative determination of evasion on November 6, 2025. *See* Admin. Review Determination in EAPA Case No. 7907, CBP Office of Trade Regulations & Rulings (Nov. 6, 2025). Its determination covered all unliquidated entries of MAE entered by Sinoboom NA from June 4, 2023, through the pendency of the investigation, and is identified by "EAPA Case No. 7907."

1

## JURISDICTION

3. Sinoboom NA brings this challenge to CBP's determination pursuant to section 1517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA"). *See* 19 U.S.C. § 1517(g).

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1581(c), which provides the Court with exclusive jurisdiction over all civil actions commenced under 19 U.S.C. § 1517.

## STANDING

5. Sinoboom NA is a U.S. importer of merchandise subject to CBP's evasion investigation and is an interested party within the meaning of 19 U.S.C. § 1517(a)(6) and 28 U.S.C. § 2631(k)(1).

6. Further, following CBP's determination of evasion, Sinoboom NA is subject to antidumping and countervailing duties and is therefore adversely affected or aggrieved by agency action within the meaning of section 702 of the Administrative Procedure Act, as amended, 5 U.S.C. § 702, and is entitled to commence this action pursuant to 28 U.S.C. § 2631(i).

## TIMELINESS

7. Sinoboom NA is commencing this action with the concurrent filing of a summons and complaint, within 30 business days after publication of CBP's November 6, 2025 final evasion determination, and has adhered to all the service and notification requirements as set out by the Rules of this Court. *See* USCIT R. 3, 4. Accordingly, Sinoboom NA has timely commenced this action pursuant to 19 U.S.C. § 1517(g)(1).

## STATEMENT OF FACTS

8. On December 20, 2023, the Coalition of American Manufacturers of Mobile Access Equipment ("Coalition") submitted an EAPA allegation to CBP that U.S. importer Sinoboom NA,

through its parent company Hunan Sinoboom Intelligent Equipment Co., Ltd. ("Hunan Sinoboom") and affiliate Sinoboom Poland, evaded the antidumping and countervailing duty orders covering MAE from China.  *See Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China:  Antidumping Duty Order,* 87 Fed. Reg. 22,190 (Dep't Commerce Apr. 14, 2022); *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China:  Countervailing Duty Order and Amended Final Affirmative Countervailing Duty Determination*, 86 Fed. Reg. 70,439 (Dep't Commerce Dec. 10, 2021) (collectively, "AD/CVD Orders" or "MAE Orders").  According to the Coalition, Sinoboom Poland Sp. Z.o.o. ("Sinoboom Poland") performed minor assembly of subject Chinese subassemblies in Poland and exported the assembled MAE to the United States without paying required duties under the MAE orders.

9. On June 4, 2024, *over five months after* the Coalition's submission of the EAPA allegation, CBP's Trade Remedy Law Enforcement Directorate ("TRLED") acknowledged receipt of the Coalition's EAPA allegation and determined that the entries covered by the period of investigation ("POI") were those that entered for consumption from June 4, 2023, through the pendency of this investigation.

10. On June 26, 2024, TRLED found that the information provided by the Coalition reasonably suggested that Sinoboom NA evaded the orders and initiated this instant EAPA investigation.

11. TRLED did not at that time notify Sinoboom NA that it had initiated the instant EAPA investigation.

12. On July 25, 2024, CBP issued a Form 28 ("CF-28"), requesting that Sinoboom NA produce information, including commercial invoices, bills of lading, purchase orders, proof of

107889939.1

payment, and production records, for three entry numbers that entered during the POI. CBP also asked Sinoboom NA to describe the type of manufacturing operations occurring at Sinoboom Poland's facility, whether foreign materials were used in that facility's manufacturing process, and to indicate the country of origin for the foreign materials used in the manufacturing process.

13. On August 26, 2024, Sinoboom NA provided the requested information, including machine serial numbers with assembly records, country of origin documents for its products, process flow charts, and assembly and inspection processes in the interest of good-faith cooperation and full compliance with CBP's instructions.

14. On September 24, 2024, CBP decided that there was reasonable suspicion that Sinoboom NA's imports of MAE from Poland were entered into the United States through evasion. It simultaneously notified Sinoboom NA that it would impose interim measures pursuant to 19 U.S.C. § 1517(e) and 19 C.F.R. § 165.24, which included: (1) suspension of liquidation of each unliquidated entry of allegedly covered merchandise that entered on or after June 26, 2024, the date of the initiation of the investigation; (2) extension of the period for liquidating each unliquidated entry of allegedly covered merchandise that entered before June 26, 2024; and (3) additional measures, which included rejection of entry summaries and requirement to refile as live entries that were within the entry summary rejection period. On October 1, 2024, CBP issued an official notice of initiation of investigation and interim measures.

15. Prior to September 24, 2024, Sinoboom NA had no knowledge that CBP had initiated and was conducting the EAPA investigation.

16. On October 29, 2024, CBP issued requests for information ("RFI") to Sinoboom NA and Sinoboom Poland. On November 27, 2024, Sinoboom NA and Sinoboom Poland timely submitted their RFI responses, which collectively amounted to more than 3,000 pages. Sinoboom

4

NA then submitted voluntary factual information relating to the manufacturing processes of Sinoboom Poland on January 27, 2025, and the Coalition submitted voluntary factual information on February 3, 2025.

17. After conducting an on-site verification of Sinoboom Poland's facilities in Poznan, Poland from February 17, 2025 to February 21, 2025, CBP issued a verification report and considered the Coalition's and Sinoboom NA's written arguments and responses to the written arguments.

18. On June 30, 2025, TRLED issued its affirmative evasion determination. On August 12, 2025, Sinoboom NA timely submitted a request for administrative review.

19. On November 6, 2025, CBP's Office of Trade, Regulations and Ruling ("R&R") issued its administrative review determination affirming TRLED's June 30, 2025 determination.

## STATEMENT OF CLAIMS

### COUNT ONE

20. Paragraphs 1 through 19 are incorporated by reference.

21. CBP's initiation of the instant EAPA investigation outside the statutory timeframe was unlawful.

22. 19 U.S.C. § 1517(b)(1) states that:

> *Not later than 15 business days after receiving an allegation* described in paragraph (2) or a referral described in paragraph (3), the Commissioner shall initiate an investigation if the Commissioner determines that the information provided in the allegation or the referral, as the case may be, reasonably suggests that covered merchandise has been entered into the customs territory of the United States through evasion.

19 U.S.C. § 1517(b)(1) (emphasis added). CBP is therefore statutorily mandated to initiate an EAPA investigation within 15 business days after receiving an allegation. *See*

107889939.1

*Me. Cmty. Health Options v. United States*, 590 U.S. 296, 310 (2020) ("The first sign that the statute imposed an obligation is its mandatory language: 'shall.'").  CBP's regulations define "date of receipt" of an allegation as "the date on which CBP provides an acknowledgment of receipt of an allegation containing all the information and certifications required {by regulation}." 19 C.F.R. § 165.12.

22.  CBP's regulation, 19 C.F.R. § 165.12, is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law because it "allows Customs to extend and alter Congress' 15-day statutory deadline for an unlimited period of time, which is inconsistent with 19 U.S.C. § 1517(b) that reflects Congress' intent for Customs to initiate EAPA investigations quickly within 15 days of receiving an allegation." *Superior Commercial Solutions LLC v. United States*, Court No. 24-cv-00052-JCG, Slip Op. 25-147 at 18-19 (November 26, 2025).

23.  The Coalition submitted its EAPA allegation against Sinoboom NA on December 20, 2023. CBP did not "acknowledge receipt" of the allegation until June 4, 2024, and did not initiate the investigation until June 26, 2024.

24.  CBP's delayed acknowledgement of receipt of the Coalition's EAPA allegation and initiation of the investigation were not in accordance with law.  Sinoboom NA was prejudiced by the delay.  *See Superior Commercial Solutions*, Slip Op. 25-147 at 19-20.

25.  This claim presents a purely legal challenge to CBP's authority and compliance with statutory deadlines.  Because it raises a purely legal question and does not require further factual development, Sinoboom NA is not required to exhaust administrative remedies.  *See Superior Commercial Solutions*, Slip Op. 25-147 at 11-12 (applying pure legal question exception to administrative exhaustion argument).

## COUNT TWO

26.    Paragraphs 1 through 25 are incorporated by reference.

27.    CBP's imposition of the interim measures without providing Sinoboom NA an opportunity to submit factual information or written arguments with knowledge of the ongoing investigation violated Sinoboom NA's Fifth Amendment due process.

28.    The Fifth Amendment "imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

29.    The U.S. Court of Appeals for the Federal Circuit has repeatedly recognized that importers are entitled to procedural due process in EAPA investigations. *See, e.g., Royal Brush Mfg. v. United States*, 75 F.4th 1250, 1257 (Fed. Cir. 2023); *NEC Corp. v. United States*, 151 F.3d 1361, 1370-71 (Fed. Cir. 1998).

30.    "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). "{T}he constitutional requirement of a meaningful opportunity to respond before a temporary deprivation may take effect entails, at a minimum, the right to be informed not only of the nature of the charges but also of the substance of the relevant supporting evidence." *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 264-65 (1987).

31.    CBP's regulation provides that:

> CBP will issue a notice of its decision to initiate an investigation to all parties to the investigation no later than five business days after day 90 of the investigation, and the actual date of initiation of the investigation will be specified therein. In cases where interim measures are taken pursuant to § 165.24, notice to all parties to the investigation will occur no later than five business days after day 90 of the investigation.

107889939.1

19 C.F.R. § 165.15(d)(1).

32. CBP's regulation, 19 C.F.R. § 165.15(d)(1), is arbitrary, capricious, an abuse of discretion and was otherwise not in accordance with law because it "by definition does not allow for a party under investigation to submit any evidence or offer any administrative arguments in its defense prior to when the temporary deprivation takes effect {through interim measures} as described by the Supreme Court in *Brock* . . . ." *Superior Commercial*, Slip Op. 25-147 at 26.

33. CBP violated Sinoboom NA's due process rights by imposing interim measures without first apprising Sinoboom NA promptly of the investigation and depriving it the opportunity to be heard before imposition of interim measures. Sinoboom NA's response to CF-28 does not constitute an opportunity to be heard before imposition of interim measures, because Sinoboom NA had no knowledge of the ongoing investigation or potential for imposition of interim measures at the time of its response.

34. This claim presents a purely legal constitutional challenge to CBP's procedures governing the imposition of interim measures. Because it raises a purely legal question and does not depend on further factual development, Sinoboom NA is not required to exhaust administrative remedies. *See Superior Commercial Solutions*, Slip Op. 25-147 at 11-12 (applying pure legal question exception to administrative exhaustion argument).

**PRAYER FOR RELIEF**

For the reasons stated above, Sinoboom NA respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff;

2. Declare that CBP acted contrary to law by failing to initiate the EAPA investigation against Sinoboom NA 15 business days after receiving the Coalition's allegation;

3. Declare that CBP violated Sinoboom NA's due process rights;

8

107889939.1

4. Declare that entries entered by Sinoboom NA tainted by said due process violations shall not be subject to any interim or final measures including the assessment and application of AD/CVD duties; and

5. Grant such other relief as may be just and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| | /s/ *Deanna Tanner Okun* |
| | Deanna Tanner Okun |
| | Lydia C. Pardini |
| | Jane C. Dempsey |
| | Alissa M. Chase |
| | Joonho Hwang |
| Dated: December 22, 2025 | **Polsinelli PC** |
| | 1401 I ("Eye") Street, NW |
| | Suite 800 |
| | Washington, DC 20005 |
| | *Counsel to Sinoboom North America, LLC* |

107889939.1